UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JERMAINE CARRIER ET AL.**           CASE NO. 2:22-CV-00937

**VERSUS**                             JUDGE JAMES D. CAIN, JR.

**COUNTY HALL INSURANCE CO. ET AL.**   MAGISTRATE JUDGE WHITEHURST

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Doc. 57) filed by Defendant Covenant Transport Solutions, LLC ("Covenant") to dismiss all claims asserted against it by the Plaintiffs with prejudice.[1] Plaintiffs did not file an opposition.[2]

## BACKGROUND INFORMATION

This lawsuit arises from a motor vehicle accident that occurred on June 3, 2021. Doc. 1-2 at ¶ 2. Plaintiff Kimberly Batiste was driving her vehicle while Plaintiff Jermaine Carrier was riding along as a passenger. *Id.* at ¶ 2. A collision occurred between the Plaintiffs and Defendant Darrius Jackson ("Jackson"), who was allegedly operating a Freightliner truck on behalf of Covenant and Defendant TDKD Logistics Corporation ("TDKD"), which was hauling a trailer owned by Defendant Dollar General Corporation ("Dollar General").[3] Doc. 33 at ¶ 2A. Defendant County Hall Insurance Company is the

---

[1] Covenant did not address all of Plaintiffs' claims in its motion. As such, this ruling does not dismiss all claims.

[2] In an order dated October 25, 2023, the Court granted a 60-day continuance of the deadlines associated with the Motion for Summary Judgment but advised Plaintiffs that no further extensions would be granted without a showing of good cause. Doc. 64. The deadline to file an opposition brief has passed.

[3] Dollar General was voluntarily dismissed from the case by stipulation of the parties. Doc. 37. Plaintiffs settled their claims with Kimberly Batiste's insurance carrier, USAA General Indemnity Company. Doc. 50.

alleged insurer of TDKD. Doc. 1-2 at ¶ 7. Plaintiffs allege that the collision was caused by negligence on the part of Jackson. *Id.* at ¶ 5. Plaintiffs claim that the collision caused them to have serious and disabling injuries. *Id.* at ¶ 2.

Plaintiffs assert that Jackson was an employee and/or agent for Covenant and TDKD, acting within the scope of his agency and/or employment at the time of the accident. Doc. 33 at ¶ 2B. As such, Plaintiffs contend that Covenant and TDKD are vicariously liable for Jackson's acts and omissions. *Id.* at ¶ 2D. It is also alleged that TDKD and Covenant are independently negligent in the hiring, training, supervision, and management of Jackson. *Id.* at ¶ 6A. Plaintiffs also maintain that Covenant is independently negligent in its hiring, training, supervision, and management of its employee and/or agent, TDKD. *Id.* at ¶ 6B. Alternatively, Plaintiffs allege that Covenant is vicariously liable for the acts and omissions of TDKD, who allowed their employee to drive without proper insurance. *Id.* at ¶ 6C. Finally, Plaintiffs contend that Covenant is self-insured and provides coverage for TDKD and Jackson. *Id.* at ¶ 8A.

Covenant has provided a Statement of Undisputed Material Facts, which contains the following information. Covenant is a freight broker licensed by the Federal Motor Carrier Safety Administration ("FMCSA") to engage in freight brokerage activities and to arrange for the transportation of freight by motor carriers for compensation. Doc. 57-3 at ¶ 1. Covenant exerts no control of any kind over these carriers, who operate as independent contractors. *Id.* Covenant relies on the FMCSA and Federal Regulations to qualify carriers as having satisfactory safety ratings to operate. *Id.* at ¶ 2. The carriers hire, select, dispatch,

and supervise their own employee/drivers to transport loads; Covenant plays no role in these tasks or activities. *Id.* at ¶ 3.

With respect to the load at issue, Covenant hired TDKD as a motor carrier on or around June 3, 2021, to transport goods for Dollar General. *Id.* at ¶ 4. TDKD was first "onboarded" or set up as a new carrier for Covenant on or about March 3, 2021. *Id.* As part of the onboarding process, Covenant confirmed that TDKD had: (1) active FMCSA operating authority, (2) a W-9 on file, (3) proof of insurance meeting Covenant's minimum threshold, (4) authorization to haul property, and (5) an executed Motor Carrier Transport Agreement with Covenant. *Id.* at ¶ 5. Prior to hiring TDKD for the load involved in the accident, Covenant had used TDKD to transport loads twenty-four times without any issues or problems. *Id.* at ¶ 6. Darius Jackson was not an employee of Covenant, and Covenant did not have control over his actions because he was retained by TDKD. *Id.* at ¶ 7.

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

"A motion for summary judgment cannot be granted simply because there is no opposition." *Hibernia Nat. Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). However, when the nonmoving party does not set forth any material facts as to which there exists a genuine issue to be tried, the uncontested material facts presented by the moving party are deemed admitted. *Mitchell v. Jones*, No. 17-00687, 2017 WL 3632510, at * 2 (W.D. La. Aug. 23, 2017) (citing Local Rule 56.2); Fed. R. Civ. P. 56(e)(2).

## LAW AND ANALYSIS

### A. Vicarious liability from Jackson's actions

Covenant argues that Jackson was not an employee or agent of Covenant, and as such, Covenant has no responsibility for his actions. Doc. 57-1 at 3-4. In support, Covenant relies on *LaGrange v. Boone*, 21-560 (La. 04/06/22), 337 So.3d 921, a factually similar

case involving a freight broker that was sued following a motor vehicle accident. Therein, the Louisiana Third Circuit Court of Appeal affirmed the dismissal of the plaintiff's vicarious liability claim against the freight broker based on the lack of an employer-employee relationship with the driver involved in the accident underlying the litigation. *LaGrange*, 337 So.3d at 928.

Employers are answerable for the damage occasioned by their employees in the "exercise of the functions in which they are employed." La. Civ. Code art. 2320. Two essential elements to a plaintiff's claim under this theory include: (1) the existence of an employer-employee relationship, and (2) that the tortious act occurred during the course and scope of employment. *Id.* The most important factor in determining the existence of an employer-employee relationship is the right of an employer to control the work of an employee. *Bolden v. Tisdale*, 2021-00224 (La. 01/28/22), 347 So.3d 697, 708 (citations omitted). Particularly important is whether the alleged employer has the right or duty concerning: (1) selection and engagement, (2) payment of wages, (3) power of dismissal, and (4) power of control. *Hillman v. Comm-Care, Inc.*, 2001-1140 (La. 01/15/02), 805 So.2d 1157, 1162.

In this instance, Covenant has put forth evidence in the form of an affidavit from Covenant's Senior Vice President, George Yates, who states: (1) Jackson was not an employee of Covenant, and (2) Covenant had no control over Jackson's actions because he was retained by TDKD. Doc. 57-2 at ¶ 5. The affidavit also indicates that Covenant only arranges for qualified motor carriers to transport loads for customers and does not play a role in how the carriers hire, select, dispatch, or supervise their own employees/drivers. *Id.*

at ¶ 2. Plaintiffs have provided no evidence to contradict either of these statements or create a genuine issue of material fact as to the existence of an employer-employee relationship between Covenant and Jackson. As such, summary judgment dismissal is warranted for Plaintiffs' claims of vicarious liability against Covenant for Jackson's actions due to a lack of an employer-employee relationship. Further, without an employer-employee relationship, Plaintiff's claims against Covenant based on the alleged negligent hiring, training, supervision, and management of Jackson must also be dismissed.

### B. Negligent hiring of TDKD

Covenant also moves for the dismissal of Plaintiffs' claims related to the alleged negligent hiring of TDKD to perform the job of hauling the Dollar General trailer. Doc. 57-1 at 4. Covenant maintains that under the Motor Safety Act, Congress delegated the determination of the safety and fitness of motor carriers to the Federal Motor Carrier Safety Administration ("FMCSA"). *Id.* at 4-5. Covenant argues that because FMCSA qualified TDKD as "safe to operate," Covenant had no reason to believe otherwise. *Id.* at 5. Further, Covenant argues that its own experience with TDKD of twenty-four prior transports without incident prevents a finding that it was negligent in its hiring of TDKD for the Dollar General job. *Id.*

"FMCSA, an agency within the Department of Transportation, is responsible for motor carrier safety and registration." *Dep't of Transp. v. Public Citizen*, 541 U.S. 752, 758 (2004) (citing 49 U.S.C. § 113(f)). FMCSA grants registration to "all domestic or foreign motor carriers that are 'willing and able to comply with' the applicable safety, fitness, and financial-responsibility requirements." *Id.* (citing 49 U.S.C. § 13902(a)(1)).

FMCSA issues federal regulations regarding safety, which are known as the Federal Motor Carrier Safety Regulations ("FMCSR"). *See* 49 C.F.R. pts. 300-399. All commercial motor vehicles that transport property or passengers in interstate commerce are required to comply with these federal regulations. 49 C.F.R. § 390.3.

There is limited caselaw in Louisiana on the theory of negligent hiring of an independent contractor. However, the cases that have examined the issue look to the knowledge of the principal at the time of hiring an independent contractor and whether the principal knew or should have known of facts to suggest the independent contractor was irresponsible. *See Guillory v. Conoco, Inc.*, 521 So.2d 1220, 1224-25 (La. App. 3 Cir. 03/02/88); *Perkins v. Gregory Mfg. Co*, 95-01396 (La. App. 3 Cir. 03/20/96), 671 So.2d 1036, 1040; *Hemphill v. State Farm Ins. Co.*, 472 So.2d 320, 324 (La. App. 3 Cir. 07/26/85). "Louisiana law also looks, in part, to the principal's previous results with the independent contractor to determine possible negligence." *Dragna v. KLLM Transp. Serv., LLC*, 638 F. App'x. 314, 319 (5th Cir. 2016) (two prior uses of carrier without incident sufficient evidence of no negligence in hiring).

In this case, Covenant has provided the affidavit of George Yates who states that at the time Covenant hired TDKD as an independent contractor it verified that TDKD had active FMCSA operating authority and sufficient insurance. Doc. 57-2 at ¶ 3; *see also Enbridge Energy, LP v. Imperial Freight Inc.*, No. 14-2615, 2019 WL 1858881, at *2 (S.D. Tex. Apr. 25, 2019) (summary judgment in favor of broker who confirmed that motor carrier was insured and qualified under the FMCSR). Moreover, Covenant has provided evidence of its past experience of hiring TDKD twenty-four times prior to the accident

without incident. Doc. 57-2 at ¶ 4. This evidence combined with a lack of any contradictory evidence in the record to suggest that Covenant knew or should have known of any derogatory information about TDKD supports the dismissal of Plaintiffs' negligent hiring claims against Covenant. *See Dragna*, 639 F. App'x at 319.

### C. Negligent training, supervision, and management of TDKD

Covenant has provided evidence that TDKD was hired as an independent contractor, and that it exercised no control as to how TDKD selected, managed, or supervised its employees/drivers. Doc. 57-2 at ¶ 2. This evidence supports the dismissal of Plaintiffs' claims for negligent training, supervision, and management of TDKD. However, Covenant did not specifically address these claims in its motion. Although Plaintiffs did not file an opposition or present evidence to create a genuine issue of material fact regarding these claims, the Court cannot sua sponte dismiss claims that were not raised by Covenant in its motion. *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 641 (5th Cir. 2007). Nevertheless, the Court may proceed with dismissing a claim sua sponte if it provides ten days of notice to the adverse party. *Id.* This memorandum ruling shall serve as notice to the Plaintiffs, and these claims will be sua sponte dismissed without further discussion if no opposition is received after ten days have passed.

### D. Insurance coverage

The Court notes that Covenant's Motion for Summary Judgment does not address two of Plaintiffs' allegations regarding insurance coverage: (1) that Covenant is vicariously liable for TDKD, who allegedly allowed their employee to drive without proper insurance;

and (2) that Covenant, who is allegedly self-insured, agreed to provide insurance coverage for TDKD and Jackson. Doc. 33 at ¶¶ 6C, 8A.

The Court notes that Covenant has presented evidence that at the time it hired TDKD as an independent contractor it verified that TDKD had sufficient insurance coverage, and Plaintiffs have not provided any evidence to create a genuine issue of material fact. Doc. 57-2 at ¶ 3. This evidence would be sufficient to dismiss Plaintiffs' claim that Covenant is vicariously liable for TDKD allowing Jackson to drive without proper insurance. However, as noted above, the Court cannot sua sponte dismiss a claim that was not raised by Covenant in its motion. *Lozano*, 489 F.3d at 641 (5th Cir. 2007). Again, this memorandum ruling shall serve as notice to the Plaintiffs, and this claim will be sua sponte dismissed without further discussion if no opposition is received after ten days have passed.

Plaintiffs' claim that Covenant, as a self-insured entity, agreed to provide insurance coverage for TDKD and Jackson remains unresolved. No evidence or argument was presented to the Court on this issue.

## CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment (Doc. 57) filed by Covenant is **GRANTED IN PART**. All of Plaintiffs' claims against Covenant based on vicarious liability for Jackson's actions are **DISMISSED WITH PREJUDICE**. Plaintiffs' claims against Covenant for negligent hiring, training, supervision, and management of Jackson are **DISMISSED WITH PREJUDICE**. Plaintiffs' claim against Covenant for the alleged negligent hiring of TDKD is **DISMISSED WITH PREJUDICE**.

Covenant's motion is **DENIED IN PART** as to the remainder of Plaintiffs' claims which were not addressed in the motion.

**THUS DONE AND SIGNED** in Chambers on this 17th day of January, 2024.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**