UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JERMAINE CARRIER ET AL** | **CASE NO. 2:22-CV-00937** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **COUNTY HALL INSURANCE CO INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM ORDER**

Before the court is a Motion for Summary Judgment [doc. 77] filed by defendant Covenant Transport Solutions LLC ("Covenant"). The motion is regarded as unopposed.

**I.**
**BACKGROUND**

This suit arises from a motor vehicle accident that occurred on June 3, 2021, in Lake Charles, Louisiana. Doc. 1, att. 2, ¶ 2. Plaintiff Kimberly Batiste was driving her vehicle with plaintiff Jermaine Carrier riding as passenger. *Id.* A collision occurred between plaintiffs and defendant Darrius Jackson, who was allegedly operating a Freightliner truck on behalf of Covenant and defendant TDKD Logistics Corporation ("TDKD"), which was hauling a trailer owned by defendant Dollar General Corporation ("Dollar General"). Doc. 33 at ¶ 2A. Plaintiffs brought suit in state court against the above-named defendants as well as TDKD's insurer, alleging that the accident was caused by Jackson's negligence. Doc. 1, att. 2, ¶ 5. Defendants then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

Covenant filed a motion for summary judgment, showing that (1) it is a freight broker that does not exercise control over motor carriers, (2) it relies on the Federal Motor Carrier Safety Administration to qualify carriers as having satisfactory safety ratings, and (3) the carriers themselves select and supervise their own employees/drivers to transport loads. Doc. 57, att. 3. Accordingly, it maintained that it could not be held liable for the accident. Plaintiffs filed no response and the motion was regarded as unopposed. The court granted the motion in part, dismissing the claims against Covenant based on vicarious liability of Jackson and TDKD and negligent hiring, training, supervision, and management of Jackson and TDKD. Docs. 72, 76. It denied the motion to the extent that it did not address the remainder of plaintiff's claims. *Id.* Covenant now brings a second motion for summary judgment, seeking dismissal of plaintiffs' remaining claims of liability based on allegations that Covenant had "liability insurance or solvency" covering TDKD and Jackson. Doc. 77; *see* doc. 33 (first amended complaint). Plaintiffs have once again filed no response and the motion is regarded as unopposed.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara*

*v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Plaintiffs alleged that Covenant, "being self-insured and solvent, [was] providing coverage and insuring TDKD Logistics Corp. and Darrius Jackson and the vehicle he was driving, which renders Covenant, liable in solido with County and TDKD" for plaintiffs' damages. Doc. 33, ¶ 8A. Covenant shows by

affidavit from senior vice president George Yates that, while it had a commercial general insurance and commercial auto liability-contingent policy providing $1,000,000.00 in coverage, it at no time agreed to insure or self-insure TDKD or Jackson. *Id.* at ¶¶ 6–7. Plaintiffs have provided no argument under Louisiana law for extending this coverage and no other basis for holding Covenant liable for their injuries. The motion will therefore be granted.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 77] will be **GRANTED** and plaintiffs' remaining claims against Covenant Transport Solutions LLC will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 27th day of March, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE